*247
 
 PbaksoNj C. J.
 

 The first exception of the defendant is allowed. The commissioners did not duly appreciate the
 
 technical force
 
 which is given to an answer when directly responsive to the allegations of the bill, or to an interrogatory put in the bill, or on special examination. Such answer is to be taken as true irnless it be proven not to be true by the oaths of two witnesses, or of one witness with cox-roborating circumstances, amounting to the force of another witness; or by some other kind of evidence which is entitled to the weight of two witnesses on oath.
 

 In this case there was no witness, and the plaintiff, to disprove the.answer, relied on the evidence furnished by papers marked (1) and (2.) As an explanation of this seeming contradiction, the defendant makes the allegation of a mistake in both of these papers in inspect to the dates, and avers that the proper date of the paper marked (1) should be “ 1854,” instead of 1853, and that of the paper marked (2) “1855” instead of 1854, and to show this mistake, he produces papers marked (3 and (4.) By an inspection of the papers marked (1) and (3) it is manifest that the one was made from or with a direct reference to the other1, and taking into consideration the fact that papers (1) and (2) do not purport to have been made for the purpose of being
 
 the basis of a cha/rge
 
 as between Mrs. Dawson and her agent, the defendant, but simply for the purpose of furnishing her the amount to be listed by her as taxable interest, in which view, it was not necessary for the paper to have a date, (as it was to be acted on at the time,) and, of consequence, but little attention would be given to the accuracy of the date, we accept this explanation as entirely satisfactory, and reject the conclusion of the commissioners, because it involves the inference not only that Mrs. Dawson wilfully neglected to list her taxable interest at the proper time, but that in 1854, having the papers (1) and (2) before hei-, she knowingly took a false oath in listing the amount called for by paper (1,) and omitted the additional amount called for by paper (2,) and the further infei’ence that the defendant has sworn falsely in his answer, and also, has
 
 *248
 
 been guilty of manufacturing evidence, to wit, the paper marked (3) under circumstances equivalent to perjury. ¥e will here remark that the recital in paper (1) that Mrs. Dawson had directed the defendant
 
 not to loam out Tiev money,
 
 is made obviously for the purpose of furnishing her with an excuse for not having listed any taxable interest in the year 1853, and when we find her in 1854 listing her taxable interest on the basis of that paper, the fact that it was made out in 1854, is manifest without calling in aid the weight to which the answer is entitled.
 

 The paper marked (3) is the proper basis of charge in stating the account, and that furnishes the respective dates from which interest should be calculated, and disposes of the 6th exception on the part of the plaintiff
 

 The second exception of the defendant is overruled, and the first exception of the plaintiff is allowed.. The defendant having undertaken to transact the money matters of Mrs. Dawson, on the footing of being a neighbor and a relation, and without making any stipulation or intention of making a charge for it, has no right, after her death, to claim remuneration.
 
 It
 
 may be, if ho had apprised her of his intention to charge for Jus cervices, she would not have employed him; but if is sufficient to eay, as ho undertook to do it gratuitously, there is no principle upon which a promise by her to pay for his services can he implied. It may he that he expected she would make a will and give him a legacy. If so, his disappointment is no more than what all persons having expectations of the kind are h'able to. Nor can we yield our assent to the position, that although he did not intend to make a charge, still, as her administrator requires him to give an account of his agency, he, on that
 
 footing,
 
 becomes entitled to compensation.
 
 We
 
 do not see how this follows. It is to be presumed that
 
 he
 
 was, at all times, while she lived, ready and willing, if called on by her, to come to a settlement, and make out a statement showing how matters stood between them, and he was under a similar obligation to do so when called upon by her personal representative, upon whom
 
 *249
 
 the law imposed the duty of requiring a settlement. This case is distinguishable from that supposed by the defendant’s counsel on the argument; a guardian strikes a rough balance without charging commissions, and proposes to close the matter on that footing; if it is declined, and he is required to go into a settlement, produce regular vouchers, and acquit himself of any neglect in failing to collect debts and matters of that kind, whereby he is chargeable although he has made no gain, he may well, then, insist upon an allowance of commissions ; because he is by law expressly entitled to charge commissions; but there is no statute by which the defendant is entitled to commissions, and in the absence of a contract to that effect, he was not so entitled, and, therefore, could not, like the guardian, propose to waive his right to commissions, provided he was not held to a strict accountability.
 

 The second exception of the plaintiff is withdrawn.
 

 The third exception is allowed. As there was a large amount of unproductive interest due upon the notes he held, belonging to the plaintiffs intestate, it was his duty upon being warned to pay over the notes, or have them renewed, to have done so, and the loss of interest upon this interest, incident to his neglect and refusal, should fall on him by striking the balance at the time the bill was filed.
 

 The 4th exception is overruled, and also the 5th for the same reason: The answer being responsive, is evidence for the defendant, and supports the claims covered by these exceptions.
 

 There will be a reference to have the account stated according to this opinion.
 

 Per, O orí AM, Decree for
 
 m
 
 account.